J-S31013-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARTIN LEBRON | : | |
| | : | |
| Appellant | : | No. 523 EDA 2023 |

Appeal from the PCRA Order Entered January 20, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0336012-1987

BEFORE:  OLSON, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY OLSON, J.:                **FILED OCTOBER 3, 2023**

Appellant, Martin Lebron, appeals *pro se* from the order entered on January 20, 2023, dismissing his second petition filed pursuant to the Post Conviction Relief Act (PCRA) as untimely.[1]   We affirm.

We briefly set forth the facts and procedural history of this case as follows.  On April 14, 1988, following a bench trial, the trial court convicted Appellant of first-degree murder and possessing an instrument of crime.[2]  On July 17, 1997, this Court affirmed Appellant's judgment of sentence.  ***See Commonwealth v. Lebron***, 701 A.2d 780 (Pa. Super. 1997).  On December 31, 1997, our Supreme Court denied further review.  ***See Commonwealth v. Lebron***, 705 A.2d 1306 (Pa. 1997).  On April 7, 2014, Appellant filed a *pro*

---

[1]  42 Pa.C.S.A. §§ 9541-9546.

[2]  18 Pa.C.S.A. §§ 2502(a) and 907, respectively.

*se habeas corpus* petition which was properly treated as a first PCRA petition. The PCRA court denied the petition and permitted the withdrawal of appointed counsel pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Appellant did not appeal that determination. On December 15, 2021, Appellant filed the instant *pro se* PCRA petition. Without conducting an evidentiary hearing, the PCRA court dismissed Appellant's second PCRA petition as untimely by opinion and order entered on January 20, 2023. This timely *pro se* appeal resulted.[3]

On appeal *pro se*, Appellant avers that trial counsel was ineffective for failing to file a motion to suppress "physical evidence based on false statements [when] the [m]edical [e]xaminers testified that the decedent's wounds [] that were caused by the stabbings [had healed] and [the] danger had passed during the first 7½ weeks of decedent['s] hospitalization." Appellant's *Pro Se* Brief at 6. "Since the stabbing wound did not result in the decedent['s] death[,]" Appellant claims that "he was denied a fair trial and

_____

[3] Appellant filed a *pro se* notice of appeal on February 16, 2023. The PCRA court relied upon its earlier decision issued on January 20, 2023, as rationale for its reasons to dismiss. Finally, we note that the PCRA court sent a letter to this Court's Prothonotary on March 10, 2023, stating that Appellant's official trial court record was missing and that a "reconstructed record was prepared from the Document Management System (CDMS) of available scanned courts documents and notes of testimony if available." PCRA Court Letter, 3/10/2023, at *1. Reconstruction of the official certified record has not hampered our review.

due process of [] law as a result of a trial-long pattern of misrepresentation and false pretense by tria[l] counsel." ***Id.***

We adhere to the following standards:

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. [A]mendments to the PCRA, effective January 16, 1996, provide [that] a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

[There are] three statutory exceptions to the timeliness provisions in the PCRA [that] allow for the very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petitioner must allege and prove:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

- 3 -

We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies. Lastly, there is no generalized equitable exception to the jurisdictional one-year time bar pertaining to post-conviction petitions.

*Commonwealth v. Vinson*, 249 A.3d 1197, 1203–1204 (Pa. Super. 2021) (internal case citations and some quotations omitted).

Moreover, an appellant must plead a timeliness exception in the PCRA petition itself. *Commonwealth v. Stanton*, 184 A.3d 949, 954 n.4 (Pa. 2018); *see also Commonwealth v. Wharton*, 886 A.2d 1120, 1125-1126 (Pa. 2005). PCRA petitioners must acknowledge within the petition under review that it is untimely but that one or more exceptions apply. *Commonwealth v. Beasley*, 741 A.2d 1258, 1261 (Pa. 1999). "If the petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing[.]" *Commonwealth v. Perrin*, 947 A.2d 1284, 1285 (Pa. Super. 2008).

Here, Appellant's judgment of sentence became final on March 31, 1998, or ninety days after our Supreme Court denied further review of his judgment of sentence and the time to appeal to the United States Supreme Court had expired. *See* 42 Pa.C.S.A. § 9545(b)(3) ("[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review[.]"); *see also* U.S. Sup. Ct. R. 13(1) ("[A] petition for a writ of *certiorari* to review a judgment in any case ... is timely when it is filed [] within 90 days after entry of the judgment[.]").

Therefore, Appellant had until March 31, 1999 to file his PCRA petition. Because Appellant filed the instant PCRA petition on December 15, 2021, more than 22 years after his judgment became final, it is patently untimely. Accordingly, Appellant was required to plead and prove at least one exception to the PCRA's one-year jurisdictional time bar. Upon review, Appellant did not address timeliness or otherwise raise and plead an exception to the one-year PCRA time bar in either the PCRA petition itself or in his appellate brief to this Court. Instead, on appeal, Appellant merely argues the merits of his untimely claim of trial counsel ineffectiveness. Our Supreme Court, however, "has stated previously that a claim for ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits." *Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 785 (Pa. 2000) (citation omitted). Consequently, the PCRA court lacked jurisdiction to review Appellant's untimely PCRA petition, and we may not review the substance of Appellant's claim on appeal.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/3/2023